**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50580 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01059-DMS-1 |
| v. | |
| LUIS ENRIQUE GALVAN-AGUILAR, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted February 6, 2014**
Pasadena, California

Before: SILVERMAN and HURWITZ, Circuit Judges, and VINSON***, District
Judge.

---

    * This disposition is not appropriate for publication and may not be cited to
or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

    *** Honorable C. Roger Vinson, United States District Judge for the Northern
District of Florida, sitting by designation.

The defendant, Luis Enrique Galvan-Aguilar, appeals his conviction for being a deported alien found in the United States in violation of Title 8, United States Code, Section 1326(a). The prosecution was based on Galvan-Aguilar's removal in September 2011, which was based on reinstatement of an April 2009 expedited removal order under Title 8, United States Code, Section 1225. Galvan-Aguilar moved to dismiss the indictment on the grounds that his due process rights had been violated during the previous expedited removal proceedings as he had not been advised of (and thus he did not waive) his right to counsel. The district court denied his motion by oral order, stating that *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1088 (9th Cir. 2011), "controls and is on all fours in this case." Galvan-Aguilar subsequently entered a conditional plea of guilty and filed this appeal.

Galvan-Aguilar contends on appeal, as he did in the district court, that his due process rights were violated inasmuch as he was not informed of his right to counsel during the expedited removal proceeding. As the district court correctly observed, however, and as Galvan-Aguilar all but concedes in his opening brief, this argument is indeed controlled by *Barajas-Alvarado*:

> Barajas–Alvarado's claim that he was denied his right to
> counsel [in his prior Section 1225 expedited removal
> proceeding] is meritless on its face. Barajas-Alvarado

2

himself identifies no legal basis for his claim that non-admitted aliens who have not entered the United States have a right to representation, and we are aware of no applicable statute or regulation indicating that such aliens have any such right . . . . Because non-admitted aliens are entitled only to whatever process Congress provides, Barajas–Alvarado's lack of representation in the removal proceeding did not constitute a procedural error at all, let alone a due process violation.

655 F.3d at 1088 (internal citations omitted).[1]

Galvan-Aguilar further contends (for the first time on appeal) that he was denied due process specifically because he was not informed of his right to seek withdrawal of his application for admission as discretionary relief from removal. Assuming without deciding that this argument was not waived in the district court, a Ninth Circuit case decided after Galvan-Aguilar filed his opening brief forecloses this argument as well, as he concedes in his reply brief. *See United States v. Sanchez-Aguilar*, 719 F.3d 1108, 1111-12 (9th Cir. 2013) (explaining that the statute and regulation governing expedited removal set forth the rights to which non-admitted aliens are entitled, "but the right to be informed of potentially

---

[1] In his opening brief, Galvan-Aguilar "acknowledges that the right to counsel/due process violation argument appears foreclosed by *Barajas-Alvarado*, 655 F.3d at 1088, in the context of a § 1225 expedited removal proceeding", but he suggests there should be a different result if the Section 1225 expedited removal proceeding is later used as the basis for a criminal conviction under Section 1326. This argument is unavailing, however, as that is precisely the context in which *Barajas-Alvarado* was decided.

available avenues of relief from removal is not among them"; thus, the "failure to inform Sanchez-Aguilar of his ability to request withdrawal of his application for admission did not violate his due process rights"). While Galvan-Aguilar insists that *Sanchez-Aguilar* was "wrongly decided", it is axiomatic that unless a case is overruled or becomes "clearly irreconcilable" with a Supreme Court holding, one panel is bound by the decisions of another panel. *See Chambers v. McDaniel*, 549 F.3d 1191, 1199 (9th Cir. 2008) (citing *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)).

In conclusion, the two due process claims that Galvan-Aguilar advances on appeal are directly negated by binding circuit precedent.

**AFFIRMED.**